IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-134 |
| | ) | |
| DEMETRIUS LAMONT PARTON, | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**ORDER OF DETENTION PENDING TRIAL**

This case came before the Court on March 9, 2010, for a detention hearing pursuant to 18 U.S.C. 3142(f). Assistant United States Attorney David P. Lewen appeared on behalf of the Government. Attorney Mark E. Brown represented the Defendant, who was also present. The Defendant sought release on conditions, including the condition that he live with his mother. The Government argued that the Defendant should be detained because no conditions of release exist that would reasonably assure the safety of the community or the Defendant's presence at trial. After carefully assessing the statutory factors, the Court concludes that the Defendant presents a serious risk of flight and will be detained.

The Indictment [Doc. 1], filed on September 3, 2008, charges the Defendant with being a felon in possession of a firearm on August 16, 2008. At the detention hearing, the Government argued that all of the factors in the Bail Reform Act, 18 U.S.C. § 3142(g), supported the Defendant's pretrial detention. It proffered the following: The United States Attorney's Office, the United States Marshals, and other law enforcement had been looking for the Defendant since the

1

issuance of the Indictment in September 2008. The Defendant recently turned himself in on state charges and, at that time, reported that he had been "laying low" because he knew that he was wanted on a federal charge. AUSA Lewen argued that this information supported a finding that the Defendant was a flight risk. AUSA Lewen contended that the Defendant's family ties exacerbate that potential due to a relative's involvement with the criminal justice system. Moreover, AUSA Lewen argued that the Defendant is a danger to the community because his predicate felony is a conviction for aggravated assault. The facts underlying the aggravated assault conviction involve the Defendant shooting into the home of a female and striking her in the hip. AUSA Lewen asserted that similarly, the facts underlying the present charge involve someone shooting into the house of the Defendant's mother, with whom he resided. When police responded to that shooting, they found a gun in the Defendant's room. Additionally, the Government pointed to the Defendant's long history of drug-related arrests. The Government acknowledged that the Defendant was not on any type of pretrial release or supervision at the time of the instant offense.

Defense counsel proffered that the Defendant had lived with his mother for the last eight years and that he could continue to live with her if released. The Defendant's family, including his two children, lives in Knox County. Although the Defendant was convicted of aggravated assault in 1994, he served a three-year sentence for that offense and incurred no new charges between 2005 and 2008. Defense counsel proffered that when the Defendant heard about the present federal charge, the Defendant contacted the attorney representing him on his state charges. The Defendant claimed that this attorney had advised him to "lay low," meaning to stay out of the public eye and out of trouble, while the attorney investigated the new charge. The Defendant later tried to contact that attorney, but the attorney never returned his call. The Defendant turned himself in

2

on Knox County charges one and one-half months ago.

The Defendant offered the testimony of his mother, who stated that the Defendant had lived with her all of his life but that she did not know where he had been living for the last one and one-half years. She agreed that he could live with her if he were released. The Defendant explained through counsel that he had been living with a friend in Knox County for the past eighteen months.

Following a detention hearing, a defendant may be detained pending trial if no condition or combination of conditions exist that will reasonably assure (1) the defendant's appearance as required in court and (2) the safety of the community or any person in it. 18 U.S.C. § 3142(e). In the present case, the detention issue turns primarily upon whether any combination of conditions of release could reasonably assure the Defendant's presence in court. The Government must establish the lack of such conditions with respect to the Defendant's flight risk by a preponderance of the evidence. See 18 U.S.C. § 3152(f).

In light of the evidence presented and the parties' proffers, the Court finds by a preponderance of the evidence that no conditions of release exist that could reasonably assure the Defendant's appearance as required. In making this determination, the Court has considered the factors enumerated in 18 U.S.C. § 3142(g). Factor one looks to the nature and circumstances of the offense charged, including whether it is a crime involving a firearm. See 18 U.S.C. § 3142(g)(1). Here, the Defendant is charged with being a felon in possession of a firearm, and thus, the Court finds that this factor weighs in favor of detention.

Second, the Court finds that factor two, the weight of the evidence against the Defendant, weighs neither for or against release, given that the Defendant is presumed innocent.

See 18 U.S.C. § 3142(g)(2); see also 18 U.S.C. § 3142(j) (providing that "[n]othing in this section shall be construed as modifying or limiting the presumption of innocence"). The third factor for the Court to consider examines the history and characteristics of a defendant, including "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). The Court heard no evidence regarding the Defendant's character, physical or mental health, community ties, or history of drug or alcohol abuse. Accordingly, the Court assigns no weight to those subfactors.

In further consideration of the Defendant's history and characteristics under section 3142(g)(3), the Court observes that Defendant's family ties and length of residence in the community would ordinarily argue in favor of release. In this case, the Court finds the Defendant's significant family ties and lifelong residence in the community, instead, weight against pretrial release for three primary reasons. First, although the Defendant initially proffered that he had lived with his mother at her residence for the past five to eight years, his mother told the Court that she did not know where the Defendant had been living for the past one and one-half years while he had been "laying low." Second, the Defendant subsequently admitted that he had been living with a friend in Knox County during this time. Accordingly, the Court finds that the Defendant's connections to the area aided him in avoiding arrest and reveal that he is at an increased risk for flight. Third, the Defendant's alleged possession of a firearm occurred while he was living with his mother, and, thus, the condition that the Defendant live with his mother would not reasonably assure the Court of the Defendant's compliance with his conditions of release or his presence for trial.

4

With regard to other characteristics, the Defendant has a lengthy history of unemployment[1] and presented no evidence of legitimate sources of income or financial resources. The Court also finds that the Defendant's past conduct and criminal history argue in favor of detention. The Defendant's prior felony conviction for aggravated assault involved both violence and a firearm. The Defendant also has a 1997 conviction for evading arrest, which adds to the evidence that he is a flight risk. Although the Court has no information that the Defendant has failed to appear for court proceedings, the Court finds that the Defendant has hidden from law enforcement to avoid arrest for the past one and one-half years. Although Defendant claims that he hid on the advice of counsel, the Court observes that the decision to hide was still the Defendant's and that he apparently had the intent and means to do so successfully. These findings weigh heavily in favor of detention.

The Court must also consider whether, at the time of the current offenses, the Defendant was on probation, parole, or pretrial release. See 18 U.S.C. § 3142(g)(3)(B). The Defendant was not on any type of release at the time of the alleged offense and, thus, this factor argues in favor of release.

Finally, Court found that it did not have to address the "nature and seriousness of the danger to any person or the community that would be posed by the person's release," 18 U.S. C. § 3142(g)(4), because it found the Defendant to be a serious risk of non-appearance. Nevertheless, the Court notes the Defendant's prior conviction for aggravated assault suggests that the Defendant presents a danger. The Defendant also has a history of possessing firearms. Accordingly, the Court

---

[1] Although a spectator sought to interject during the Court's ruling that the Defendant would have a job if released, the Court heard no evidence or proffer of this possibility during the hearing. Moreover, even taking that contention as true, the Court gives it little weight in light of the Defendant's history of unemployment.

5

finds that this factor would not support release, even if it had been more fully considered.

Weighing all of the section 3142(g) factors, the Court finds the Defendant to be a serious flight risk. Accordingly, the Court concludes that no condition or combination of conditions of release exist that could reasonably assure the Defendant's appearance as required. Therefore, the Defendant is **ORDERED** to remain in detention until his trial. The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultations with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge