UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DEMETRIUS LAMONT PARTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 3:08-CR-134-TWP-CCS-1 |
| | ) | 3:16-CV-294-TWP |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Before the Court now is Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 60]. The United States responded in opposition on July 5, 2016 [Doc. 61], and Petitioner's time to reply has lapsed. For the reasons below, the motion [Doc. 60] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I. BACKGROUND

In 2010, Petitioner pled guilty to possessing a firearm and ammunition as a convicted felon, both in violation of 18 U.S.C. § 922(g)(1)—which subjected him to a statutory penalty range of up to ten years' imprisonment on each count under 18 U.S.C. § 924(a)(2) [Presentence Investigation Report ¶¶ 1–2, 64]. Because Petitioner had a prior conviction for aggravated assault and the instant offense involved a "semiautomatic firearm . . . capable of accepting a large capacity magazine," the probation officer calculated his base offense level as 22 pursuant to Section 2K2.1(a)(3) of the United States Sentencing Guidelines [*Id.* ¶¶ 22]. After a two-level enhancement because the firearm was stolen, a two-level enhancement because Petitioner possessed the firearm in connection with another felony, and a two-level reduction for acceptance of responsibility, Petitioner's total offense level was 26 [*Id.* ¶¶ 23, 24, 30, 31]. Given his criminal history category

of III, his advisory guidelines range was 78 to 97 months' imprisonment [*Id.* ¶¶ 44, 65]. The Court sentenced Petitioner to 84 months' imprisonment, near the middle of that range on March 4, 2011 [Doc. 48]. Petitioner appealed, but the Sixth Circuit dismissed the appeal based on the waiver provision in Petitioner's plea agreement [Doc. 56].

The United States Supreme Court decided *Johnson v. United States*—invalidating the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)—on June 26, 2015. 135 S. Ct. 2551 (2015). Petitioner filed the original petition for collateral relief less than one year later, on June 3, 2016 [Doc. 60].

## II. TIMELINESS OF PETITIONER'S CLAIMS

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Supreme Court precedent makes clear that *Johnson*'s invalidation of the ACCA residual clause amounted to a new rule made retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (U.S. 2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus

triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). It is yet to be seen whether the same is true of the "new rule" that results from application of *Johnson*'s reasoning in the Guideline context. *See Pawlak v. United States*, 822 F.3d 902, 911 (6th Cir. 2016) (holding that *Johnson*'s vagueness analysis applies equally to the Guidelines and, as a result, that the parallel residual provision contained in Section 4B1.2 was void for vagueness); *but see In re Embry*, No. 16-5447, 2016 WL 4056056, at *1 (6th Cir. July 29, 2016) (recognizing that "it is not clear whether to treat *Pawlak* as a new rule that the Supreme Court has not yet made retroactive [to cases on collateral review] or as a rule dictated by *Johnson* that the Supreme Court has made retroactive"). The Court declines to resolve the issue because *Johnson* has no impact here.

### III. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### IV. ANALYSIS

Petitioner articulates a single ground of collateral attack, arguing *Johnson* removed his aggravated assault conviction from Section 4B1.2's definition of "crime of violence" [Doc. 60 pp.

3–4 (arguing that the conviction "might" no longer independently qualify as a predicate offense under Section 2K2.1(a)(3))].

The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did "not call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses. *Id.* Nor did *Johnson* disturb the use of prior serious drug offenses as predicates.

Section 4B1.1 classifies a defendant as a career offender if (1) he or she was at least eighteen years old at the time the defendant committed the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he or she has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S. Sentencing Manual § 4B1.1(a). Only Petitioner's satisfaction of the third prong—possession of a qualifying predicate conviction—is disputed [Doc. 60].

The validity of Petitioner's sentence thus depends on whether at least one of his prior convictions qualifies as a "crime[] of violence" under one of the unaffected provisions of Section

4

4B1.2 or a "controlled substance offense[]." *See e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n. 1 (2016). To determine whether a particular offense qualifies as a violent felony under any of the prongs of the above definition, courts must first identify the precise crime of conviction. *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013). They do so by employing a "categorical approach," under which it looks "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Id.* at 2283. When the conviction involves violation of a "divisible" statute—one which comprises multiple, alternative versions of the crime—courts resort to the "modified categorical approach" under which they "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 2281.

At the time Petitioner committed his aggravated assault offense, Tennessee defined the crime as follows:

(a) A person commits aggravated assault who:

(1) Intentionally or knowingly commits an assault as defined in § 39-13-101 and;

(A) Causes serious bodily injury to another; or

(B) Uses or displays a deadly weapon; or

(2) Recklessly commits an assault as defined in § 39-13-101(a)(1), and:

(A) Causes serious bodily injury to another; or

5

> > (B) Uses or displays a deadly weapon
>
> (b) A person commits aggravated assault who, being the parent or custodian of a child or the custodian of an adult, intentionally or knowingly fails or refuses to protect such child or adult from an aggravated assault as defined in subdivision (a)(1) or aggravated child abuse as defined in § 39-15-302
>
> (c) A person commits aggravated assault who, after having been enjoined or restrained by an order, diversion or probation agreement of a court of competent jurisdiction from in any way causing or attempting to cause bodily injury or in any way committing or attempting to commit an assault against an individual or individuals, intentionally or knowingly attempts to cause or causes bodily injury or commits or attempts to commit an assault against such individual or individuals.

Tenn. Code Ann. § 39-13-102 (1995). The statute went on to specify that a violation of "subdivision (a)(1) [was] a Class C felony," and that violation of "subdivision (a)(2) [was] a Class D felony." Tenn. Code Ann. § 39-13-102(d)(1) (1995).

The statute is divisible because it lists several different variants of the offense. *See, e.g.*, *United States v. Cooper*, 739 F.3d 873, 879 (6th Cir. 2014) (recognizing that Tenn. Code Ann. § 39-13-102 "can be offended in a number of ways"). The judgment for Petitioner's 1995 aggravated assault offense indicates that he was convicted of the Class C variant—Tenn. Code Ann. § 39-13-102(a)(1) [Doc. 61-1; PSR ¶ 22 (demonstrating that Petitioner's conduct constituted an aggravated assault under Tennessee Code Annotated § 39-13-102(a)(1))]. This variant categorically involves the intentional or knowing use or threatened use of violent force. *See* Tenn. Code Ann. § 39-11-106(5)(1995) (defining "deadly weapon" as either "a firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury; or . . . [a]nything that in the manner of its use or intended use is capable of causing death or serious bodily injury"); *see also United States v. Arender*, 560 F. App'x 648, 649 (8th Cir. 2014) (finding that a Tennessee aggravated assault conviction based on display of a deadly weapon had "as an element the

6

threatened use of physical force[,] . . . capable of causing pain or injury"). Because violation of Tenn. Code Ann. § 39-13-102(a)(1) categorically qualifies as a crime of violence under the use-of-physical force clause, the petition must be **DENIED**.[1]

## IV. CONCLUSION

For the reasons discussed above, Petitioner's § 2255 motion [Doc. 60] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER ACCORDINGLY.**

    s/ Thomas W. Phillips
    SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Violation of Tennessee Code Annotated § 39-13-102(a)(1) alternatively qualify as a crime of violence under the enumerated offense clause. *See* U.S. Sentencing Guideline § 4B1.2, cmt. n. 1 (specifically listing aggravated assault as an example of an enumerated crime of violence); *see also United States v. Cooper*, 739 F.3d 873, 878 (6th Cir. 2014) (same).

7

Case 3:08-cr-00134-TWP-CCS   Document 62   Filed 10/05/16   Page 7 of 7   PageID #: 382